LONNIE C. BLANCHARD, III (SBN 93530)
JEFFREY D. HOLMES (SBN 100891)
THE BLANCHARD LAW GROUP, APC
3311 East Pico Boulevard
Los Angeles, CA 90023
Telephone: (213) 599-8255
Fax: (213) 402-3949
Email: lonnieblanchard@gmail.com

PETER R. DION-KINDEM (SBN 95267)
THE DION-KINDEM LAW FIRM
PETER R. DION-KINDEM, P. C.
21550 Oxnard Street, Suite 900
Woodland Hills, California 91367
Telephone: (818) 883-4900
Fax: (818) 883-4902
Email: peter@dion-kindemlaw.com

Attorneys for Plaintiff Taylor Kalin, the Classes and Aggrieved Employees

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Taylor Kalin, individually and on behalf of all the classes and aggrieved employees,<br><br>    Plaintiff,<br><br>    vs.<br><br>Apple, Inc.,<br><br>    Defendant. | **Case No.**<br><br>**Class, Collective and Representative Action Complaint:**<br><br>1.   Failure To Pay Wages<br>2.   Fair Labor Standards Act Violations<br>3.   Waiting Time Penalties<br>4.   Wage Statement Violations<br>5.   Unfair Competition<br>6.   Civil Penalties under the Private Attorneys General Act (Labor Code § 2698 *et seq.*)<br><br>**Demand for Jury Trial** |

**Class, Collective and Representative Action Complaint**

1

Plaintiff Taylor Kalin ("Plaintiff") brings this Class, Collective and Representative Action Complaint against Defendant Apple, Inc. and on information and belief alleges as follows:

**JURISDICTION**

1. Plaintiff, on behalf of himself and all others similarly situated and aggrieved employees, brings this class, collective, and representative action for recovery of unpaid wages and penalties under California Labor Code Sections identified below, Industrial Welfare Commission Wage Order No. 4 ("IWC Wage Order"), California Business and Professions Code Section 17200, *et seq.*, and the Fair Labor Standards Act ("FLSA") and for injunctive relief, declaratory relief, and restitution.

2. This Court has jurisdiction over Defendant's violations of the FLSA pursuant to 29 U.S.C. Section 216 and 28 U.S.C. Section 1331 because the action asserts rights arising under federal law.

3. This Court has jurisdiction over Defendant's violations of the state law provisions alleged herein because these claims derive from the same common nucleus of operative facts as the FLSA claim.

4. Defendant is subject to the personal jurisdiction of this Court pursuant to 28 U.S.C. Section 1391(c) because it operated retails stores where it employed Plaintiff within the Northern District of California.

**VENUE**

5. Venue is proper in the Northern District of California under 28 U.S.C. Section 1391 because Apple is headquartered in this judicial district and a substantial part of the events giving rise to the claims asserted herein occurred in this judicial district.

6. This matter is properly assigned to the San Francisco Division of this District

**Class, Collective and Representative Action Complaint**

2

|   |   |
|---|---|
| 1 | |

pursuant to Civil Local Rule 3-2(c) because Defendant maintains numerous retail stores within the counties comprising the San Francisco Division and employs numerous hourly non-exempt employees at those locations, who, on information and belief, were subjected to Defendant's illegal policies and practices alleged in this action. As stated in Defendant's written rules, the mandatory personal package and bag search policy "appl[ies] to all employees of Apple Inc. and participating subsidiaries in the United States." *See* Apple Employee Policies. Therefore, a substantial part of the events or omissions that give rise to the claims occurred within this Division within the meaning of Civil Local Rule 3-2(c).

## PARTIES

7. Plaintiff is a California resident residing in San Francisco County. During the four years immediately preceding the filing of the Complaint in this action and within the statute of limitations periods applicable to each cause of action pled herein, Plaintiff was employed by Defendant as an hourly non-exempt employee. Plaintiff has lost money and/or property and has been deprived of the rights guaranteed to him by the FLSA, California Labor Code provisions, California Business and Professions Code Section 17200 *et seq.* (Unfair Competition), and California Industrial Welfare Commission Wage Order 4-2001 (hereafter "Wage Order 4-2001").

8. Defendant Apple, Inc. is a California corporation that is headquartered in California. During the four years preceding the filing of the Complaint and continuing to the present, Defendant operated retail stores in California and elsewhere within the United States and the world.

## GENERAL FACTUAL ALLEGATIONS

9. For the purposes of this matter, Class Members include, but are not limited to, Kalin and all non-exempt employees who were employed by Apple as non-exempt

**Class, Collective and Representative Action Complaint**

3

Specialists, Lead Specialists and Expert Specialists ("Specialists") and non-exempt Managers, Senior Managers, Developmental Managers and Business Managers ("Managers,"). Specialists and Managers are collectively referred to as Hourly Employees.

10. A Specialist's duties include customer support relating to retail sales of Apple products and accessories. Specialists are also required to have knowledge of and be able to perform light diagnostic checks on Apple hardware and software. A Manager's duties include overseeing the Specialists and tending to customer-related needs. Specialists and Managers are non-exempt hourly employees who are entitled to overtime compensation.

11. Plaintiff was employed by Defendant as a full-time non-exempt Specialist at stores in Spokane and San Francisco from approximately September 2010 to November 2012.

12. Hourly Employees are required to clock in when they arrive at work, clock out when they go on a meal break, clock in when they return from a meal break and clock out when they leave for the day. The time-keeping system and the procedures for using it are the same at each Apple retail store. In this regard, Apple uses time tracking software developed by Kronos, Inc. The software requires Hourly Employees to enter a username and password to clock in and clock out each day.

13. Kalin typically was required to arrive 15 minutes or more before his shift was scheduled to begin because there was typically a line of employees waiting to clock in on time and he never knew how long the line would be. On Launch days, it would take up to 30 minutes or more to clock in because of the lines. Similarly, when Hourly Employees returned from their meal periods, they were required to wait in line to clock in.

14. Apple did not compensate Kalin or the other Hourly Employees for the time they

**Class, Collective and Representative Action Complaint**

were required to spend waiting in line to clock in.

15. Kalin and other Hourly Employees were required to use company devices at work. Kalin and other Hourly Employees were required by Apple to check the devices out at the beginning of their shift and check the devices back in at beginning of the meal period if they left the premises and at the end of the shift, after the employees had clocked out. Because many Hourly Employees were required to do this, the check-in time could take anywhere from five to 45 minutes or more.

16. After they had clocked out at the end of their shifts or at the beginning of the meal breaks, after they checked in the devices, Kalin and other Hourly Employees were required to undergo personal package and bag searches before they were permitted to leave the store.

17. Apple has adopted a uniform nationwide policy that provides "[a]ll employees, including managers and Market Support employees, are subject to personal package and bag searches." *See* Apple Employee Conduct Manual. If an Hourly Employee refuses to submit to this security screening or deviates from the corporate policy in any way, it "could result in disciplinary action, up to and including termination." *See* Apple Employee Policies. Hourly Employees were and are required to wait in line and be searched for potential or possible store items or merchandise taken without permission and/or other contraband. Thus, at the discretion and control of the Defendant and solely for its benefit, Plaintiff and other Hourly Employees were and are required to wait in line for security checks for at least 10-15 minutes each day before leaving for their meal breaks and at the end of their shift after they had already clocked out. This daily 10-15 minute uncompensated waiting time during security checks was done in order to undergo searches for possible contraband and/or pilferage of inventory. Because such screening is designed to prevent and deter employee theft, a concern that stems from the nature of the employee's work (specifically, their access to high value

**Class, Collective and Representative Action Complaint**

5

electronics and merchandise), the security checks and consequential wait time are necessary to the employee's primary work and done solely for Apple's benefit.

18. A large number of Specialists and Managers leave for lunch at the same time and/or end their shifts at the same time. This creates lengthy lines and backups for managers, members of the security team and others authorized to conduct security screenings who are often times engaged in other job related duties. As a result, Hourly Employees are forced to wait in these lines and undergo lengthy off-the-clock security screenings before they are allowed to leave the premises. This work, done primarily for the employer's benefit, is time which Hourly Employees should be, but are not compensated for, both straight hours and overtime hours worked in excess of 40 in a week or, in California, in excess of eight in a day.

19. Apple's corporate employee conduct policy mandates and requires that Specialists "[f]ind a Manager or member of the security team (where applicable) to search [their] bags and packages before [they] left the store." *See* Apple Employee Conduct Manual. Additionally, the policy forbids Specialists and Managers from leaving the store "prior to having [their] personal package or bag searched by a member of management or the security team (where applicable)." *Id.*

20. These policies are uniform throughout every Apple retail store and "apply to all employees of Apple Inc. and participating subsidiaries in the United States." *See* Apple Employee Policies. Thus, these uncompensated wait times and security screenings unlawfully deprive Hourly Employees in Apple's retail stores throughout the country of the proper compensation due them.

21. Waiting in lines to clock in, waiting in lines to check equipment in, and waiting in line and undergoing security checks were significant, integral, indispensable, not de minimis tasks or requests and were done solely for Apple's benefit to allow Apple to track its employees' hours and to prevent employee pilferage.

22. Apple did not compensate Kalin or the Hourly Employees for this time.

**Class, Collective and Representative Action Complaint**

6

23. Defendant knowingly and intentionally, as a matter of uniform policy and practice, failed to furnish Plaintiff and members of the Wage Statement Class with accurate and complete wage statements regarding their regular rates of pay, rates of overtime pay, total gross wages earned, and total net wages earned in violation of Labor Code Section 226.

24. Defendant's failure to furnish Plaintiff and members of the Wage Statement Class with complete and accurate itemized wage statements resulted in actual injury because such failures led to, among other things, the non-payment of all their regular and overtime wages and deprived them of the information necessary to identify the discrepancies in Defendant's reported data.

## **CLASS AND COLLECTIVE ACTION ALLEGATIONS**

25. **Class Definition:** Plaintiff brings this action on behalf of himself and the following Classes pursuant to Rule 23 of the Rules of Federal Procedure and the FLSA.

26. **The California Unpaid Wages Class.** This consists of:

> All Hourly Employees who worked in an Apple, Inc. retail store in the United States, who are or were employed within the three years preceding the filing of this action by the Defendant to the present and who were: (a) not compensated for off-the-clock time spent waiting to clock in, waiting to check in equipment, or waiting in security screening lines and undergoing personal package and bag searches before being allowed to leave the premises; and/or (b) were not fully compensated for this time worked over eight per day and/or over 40 hours per week at overtime rates.
>
> Excluded from the California Unpaid Wages Class are Defendant, its legal representatives, officers, directors, assigns, and successors, and any individual who has or had a controlling interest in Apple. Also excluded are persons and entities who submit timely and otherwise proper requests for exclusion from the FLSA Class.

27. **The FLSA Class.** This consists of:

**Class, Collective and Representative Action Complaint**

7

> All Hourly Employees who worked in an Apple, Inc. retail store in the United States, who are or were employed within the three years preceding the filing of this action by the Defendant to the present and who were: (a) not compensated for off-the-clock time spent waiting to clock in, waiting to check in equipment, or waiting in security screening lines and undergoing personal package and bag searches before being allowed to leave the premises; and/or (b) were not fully compensated for this time worked over 40 hours per week at overtime rates.
>
> Excluded from the FLSA Class are Defendant, its legal representatives, officers, directors, assigns, and successors, and any individual who has or had a controlling interest in Apple. Also excluded are persons and entities who submit timely and otherwise proper requests for exclusion from the FLSA Class.

28. **The Wage Statement Class.** This consists of members of the California Unpaid Wages Class for whom Defendant failed to pay all compensation owing them.

29. **The Waiting Time Penalty Class.** This consists of Defendant's formerly employed members of the California Unpaid Wages Class.

30. **Numerosity/Ascertainability.** The members of the Classes are so numerous that joinder of all members would be unfeasible and impracticable. The membership of the classes and subclasses are unknown to Plaintiff at this time, but Plaintiff estimates that the Classes number greater than 1,000 individuals as to each Class. The identity of such membership is readily ascertainable via inspection of Defendant's employment records.

31. **Common Questions of Law and Fact Predominate/Well Defined Community of Interest.** There are common questions of law and fact as to Plaintiff and all other similarly situated employees, which predominate over questions affecting only individual members including, without limitation to:

    A.  Whether Defendant violated the applicable Labor Code provisions including, but not limited to Sections 510 and 1194 by failing to pay for all regular and/or overtime hours worked;

**Class, Collective and Representative Action Complaint**

B. Whether Defendant failed to keep legally compliant records for the members of the Wage Statement Class pursuant to Labor Code 226;

C. Whether Defendant failed to maintain accurate records for members of the Record Keeping Class;

D. Whether Defendant's policies and/or practices for the amount of payment of final wages to members of the Waiting Time Class at the time of the termination of their employment were unlawful;

32. **Predominance of Common Questions.** Common questions of law and fact predominate over questions that affect only individual members of the Classes. The common questions set forth above are numerous and substantial and stem from Defendant's policies and/or practices applicable to each individual class member, such as their failure to pay for time waiting to clock-in, time waiting to check-in equipment, and/or time waiting in security lines. These common questions predominate over individual questions concerning each individual class member's showing as to his or her eligibility for recovery or as to the amount of his or her damages.

33. **Typicality:** Plaintiff's claims are typical of the claims of the Classes because Plaintiff was employed by Defendant as an hourly, non-exempt employee in California and the United States during the statutes of limitation applicable to each claim alleged in the Complaint in this action. Plaintiff, like the members of the Classes, was deprived of all regular and overtime wages, was furnished with inaccurate and incomplete wage statements, and was not paid all wages owed at the time of Plaintiff's termination.

34. **Adequacy of Representation:** Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes. Moreover, Plaintiff's attorneys are ready, willing and able to fully and adequately represent the members of the Classes and Plaintiff. Plaintiff's attorneys have

**Class, Collective and Representative Action Complaint**

prosecuted numerous wage-and-hour class actions in state and federal courts in the past and are committed to vigorously prosecuting this action on behalf of the members of the classes.

35. **Superiority:** The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California. Similarly, the FLSA is remedial in nature and serves an important public interest in establishing minimum working conditions and standards through the United States. These laws and labor standards protect the working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the laws available to Plaintiff and members of the Classes make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein. If each employee were required to file an individual lawsuit, Defendant would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Moreover, requiring each member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment. Further, the prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual class members against Defendant herein; and which would establish potentially incompatible standards of conduct for Defendant; and/ or legal determinations with respect to individual class members which would, as a practical matter, be

dispositive of the interest of the other class members not parties to adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto.

36. As such, the Rule 23 Classes identified above are maintainable as a Class under Rule 23(b)(l) and/or Rule 23(b)(3).

### First Claim for Relief - Failure To Pay Wages
### (On Behalf of Plaintiff and the California Unpaid Wages Class)

37. Plaintiff re-alleges paragraphs 1 through 36.

38. This cause of action is brought on behalf of the California Unpaid Wages Class pursuant to Labor Code Sections 204, 510, 1194, and 1198, which provide that hourly non-exempt employees are entitled to all overtime wages and compensation for hours worked and provide a private right of action for the failure to pay all compensation for regular and overtime work performed.

39. Plaintiff and members of the California Unpaid Wages Class worked hours for which they were not compensated, including overtime hours.

40. Defendant's policy and practice of failing to pay Plaintiff and members of the California Unpaid Wages Class for time spent waiting to clock in, time spent waiting to check in equipment, and/or time spent waiting in security lines violates California labor laws, and Plaintiff and members of the California Unpaid Wages Class are entitled to the unpaid wages owed, including interest thereon, statutory penalties, civil penalties, attorney's fees, and costs of suit.

### Second Claim for Relief - FLSA Violations
### (On Behalf of Plaintiff and the FLSA Class)

41. Plaintiff re-alleges paragraphs 1 through 40.

**Class, Collective and Representative Action Complaint**

42. This claim is brought pursuant to 29 U.S.C. Sections 206 and 207.

43. Plaintiff and members of the FLSA Class worked hours for which they were not compensated and/or worked in excess of 40 hours per workweek.

44. Defendant's policy and practice of failing to pay Plaintiff and members of the FLSA Class for time spent waiting to clock in, time spent waiting to check in equipment, and/or time spent waiting in security lines violates the FLSA's wage and overtime requirements including, but not limited to 29 U.S.C. Sections 206 and 207.

45. Defendant's policies and practices constitute a willful violation of the FLSA, within the meaning of 29 U.S.C. Section 255.

46. Plaintiffs and members of the FLSA Class are entitled to unpaid wages and/or overtime owing, including liquidated damages, attorney's fees, costs, and interest.

### Third Claim for Relief - Waiting Time Penalties
### (On Behalf of Plaintiff and the Waiting Time Penalty Class)

47. Plaintiff re-alleges paragraphs 1 through 46.

48. Labor Code Section 201 provides in relevant part:

> If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately…

49. Defendant violated Section 201 as to members of the Waiting Time Penalty Class who were discharged by willfully failing to pay the wages earned and unpaid upon the termination of their employment, including unpaid wages for regular hours worked, unpaid overtime, unpaid meal premiums and/or unpaid rest period premiums in the manner required by Section 201.

50. Labor Code Section 202 provides:

> If an employee not having a written contract for a definite period quits hish or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous

**Class, Collective and Representative Action Complaint**

      notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. .

51. Defendant violated Section 202 as to Plaintiff and members of the Waiting Time Penalty Class who quit by willfully failing to pay the wages earned and unpaid upon the termination of their employment, including unpaid wages for regular hours worked, unpaid overtime, unpaid meal premiums and/or unpaid rest period premiums in the manner required by Section 202.

52. Plaintiff and members of the Waiting Time Penalty Class are entitled to compensation pursuant to Labor Code Section 203, plus reasonable attorney's fees and costs of suit.

**Fourth Claim for Relief - Wage Statement Violations**
**(On Behalf of Plaintiff and the Wage Statement Class)**

53. Plaintiff re-alleges paragraphs 1 through 52.

54. Defendant knowingly and intentionally, as a matter of uniform policy and practice, failed to furnish Plaintiff and members of the Wage Statement Class with accurate and complete wage statements regarding their hours worked, total gross wages earned, and total net wages earned in violation of Labor Code Section 226.

55. Defendant's failure to furnish Plaintiff and members of the Wage Statement Class with complete and accurate itemized wage statements resulted in actual injury because such failures led to, among other things, the non-payment of all their regular and overtime wages and deprived them of the information necessary to identify the discrepancies in Defendant's reported data.

56. Plaintiff and members of the Wage Statement Class are entitled to damages and/or penalties pursuant to Labor Code Section 226, including statutory penalties, civil penalties, reasonable attorney's fees, and costs of suit.

**Class, Collective and Representative Action Complaint**

**Fifth Claim For Relief - Unfair Competition**
**(On Behalf of Plaintiff and All Classes)**

57. Plaintiff re-alleges paragraphs 1 through 56.

58. In doing the acts alleged above, Defendant have engaged and continue to engage in unfair and/or unlawful business practices in California in violation of California Business and Professions Code Section 17200 *et seq*.

59. Defendant's unfair and/or unlawful business practices have deprived Plaintiff and members of the classes compensation and/or moneys to which they are legally entitled

60. Plaintiff and members of the Classes are entitled to restitution of all moneys withheld, acquired and/or converted by the Defendant pursuant to Business and Professions Code Sections 17203 and 17208.

61. The acts complained of herein occurred within the last four years immediately preceding the filing of the Complaint in this action.

62. Plaintiff was compelled to retain the services of counsel to file this court action to protect Plaintiff's interests and those of the Classes and to enforce important rights affecting the public interest. Plaintiff is entitled to recover attorney's fees and costs pursuant to Code of Civil Procedure Section 1021.5.

**Sixth Claim for Relief - Penalties Pursuant to the Private Attorney General Act**

63. Plaintiff re-alleges paragraphs 1 through 62.

64. Pursuant to Labor Code Sections 2698, *et seq.*, the Private Attorney General Act of 2004 ("PAGA"), Plaintiff is entitled to recover civil penalties on behalf of himself and other persons who are or were employed by the alleged violator and against whom one or more of the alleged violations was committed.

65. One or more of the alleged violations alleged herein was committed against Plaintiff, and Plaintiff is therefore an "aggrieved employee" under Labor Code Section 2699(c), which provides in relevant part:

**Class, Collective and Representative Action Complaint**

      (c) For purposes of this part, "aggrieved employee" means any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed.

66. As alleged above, Defendant have committed Labor Code violations against Plaintiff, members of the Classes, and other aggrieved employees.

67. Plaintiff's attorney gave written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and to the Defendant identifying violations alleged herein. Once thirty-three days have passed from the date of the mailing of the notice, Plaintiff will seek leave to amend this Complaint to allege exhaustion of the administrative requirements for bringing a claim under PAGA.

68. Labor Code Section 2699(g) provides that any "employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs." Plaintiff has incurred attorney's fees and costs in pursuing this claim.

## PRAYER

WHEREFORE, Plaintiff prays for judgment for himself and for all others on whose behalf this suit is brought against Defendant as follows:

1. For an order certifying the proposed Classes;
2. For an order appointing Plaintiff as representative of the Classes;
3. For an order appointing Counsel for Plaintiff as Counsel for the Classes;
4. For compensatory damages according to proof;
5. For liquidated damages according to proof;
6. For statutory damages according to proof;
7. For civil penalties according to proof;
8. For restitution according to proof;
9. For injunctive relief according to proof;
10. For costs and attorney's fees according to proof;
11. For prejudgment interest according to proof;

**Class, Collective and Representative Action Complaint**

12. For such other and further relief the Court may deem just and proper.

Dated: October 8, 2013                THE DION-KINDEM LAW FIRM

BY: _____
    PETER R. DION-KINDEM, P.C.
    PETER R. DION-KINDEM
    Attorneys for Plaintiff Taylor Kalin

**Class, Collective and Representative Action Complaint**

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial in this case.

Dated: October 8, 2013        THE DION-KINDEM LAW FIRM

BY: _____
PETER R. DION-KINDEM, P.C.
PETER R. DION-KINDEM
Attorneys for Plaintiff Taylor Kalin

**CONSENT OF PLAINTIFF TAYLOR KALIN RE CONSENT TO SUE**

I, Taylor Kalin, declare:

1. I am a Plaintiff in the above-captioned action. I have personal knowledge of the following and would and could competently testify thereto if called as a witness.

2. I hereby consent to be joined in this suit against Apple, Inc. under the Fair Labor Standards Act, 29 U.S.C. §§ 206 *et seq*., for unpaid wages and other relief available under the Act.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: Oct 8th 2013          *Taylor Kalin*
                                            Taylor Kalin

**Class, Collective and Representative Action Complaint**